**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00064-TWP-KMB |
| | ) | |
| SMITH LAW SERVICES, P.C., | ) | |
| CROTHERSVILLE LIGHTHOUSE | ) | |
| TABERNACLE CHURCH, INC., | ) | |
| JASON M. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CROTHERSVILLE LIGHTHOUSE | ) | |
| TABERNACLE CHURCH, INC., | ) | |
| JASON M. SMITH, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADMIRAL INSURANCE COMPANY, | ) | |
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Counter Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**
**COUNTER CLAIMANT SMITH'S AMENDED COUNTER CLAIM**

This matter is before the Court on Admiral Insurance Company's Motion to Dismiss Amended Counterclaim for Failure to State a Claim against Counter Claimant Jason M. Smith's ("Smith") (Dkt. 57). Plaintiff/Counter Defendant Admiral Insurance Company ("Admiral") initiated this lawsuit seeking a declaratory judgment from the Court stating that they no longer must defend or indemnify Defendant Smith Law Services, P.C. ("Smith Law") or its President, Smith, in connection with an underlying legal malpractice suit filed by Defendant Crothersville

Lighthouse Tabernacle Church ("Crothersville Church"). Crothersville Church has also filed a Counterclaim seeking a declaration that Admiral remains bound to indemnify Smith (Dkt. 23). Smith filed an Amended Counterclaim (Dkt. 56 at 15-32), which is his operative pleading. For the reasons discussed below, Admiral's Motion to Dismiss **granted**.

## I.  BACKGROUND

Admiral issued a Lawyers Professional Liability Policy, Policy No. PLP-2015926-P1, with a policy period of March 27, 2022, to March 27, 2023 (the "Policy"), to Smith Law Service, P.C. (Dkt. 1-1). On or about November 17, 2022, the Crothersville Church filed a legal malpractice action (the "Malpractice Action") against Smith Law and Smith in Jackson County Circuit Court arising from Smith's representation of the Church in a civil case, relating to an insurance claim for a fire loss (Dkt. 1 at 5). Admiral received notice of the Malpractice Action on or about January 18, 2023, and appointed the law firm of Hinshaw & Culbertson LLP to represent Smith and Smith Law in defense of the Malpractice Action. *Id*.

Between August 2023 and March 13, 2024, neither Smith Law nor Smith responded to Admiral or Hinshaw & Culbertson LLP when they tried to contact him via telephone, email, and mail to discuss settlement of claims in the Malpractice Action and a January 3, 2024 policy limit settlement demand. *Id*. at 6. Finally, on March 13, 2024, Smith responded and refused to consent to a settlement of the Malpractice Action. *Id*. Smith refused to consent to settlement again on March 15, 2024. *Id*. After March 15, 2024, Smith failed to respond to more than a dozen attempts by Admiral and Smith's defense counsel to reach him by telephone, by email, and by mail to discuss a defense plan in the Malpractice Action. *Id*. On June 3, 2024, the state court entered an order allowing defense counsel Hinshaw & Culbertson LLP to withdraw from the representation of Smith in the Malpractice Action and substituting new counsel. *Id*. Admiral thereafter appointed the

law firm of Lewis Brisbois Bisgaard & Smith LLP to represent Smith. *Id*. Smith never substantively responded to new defense counsel's numerous attempts to reach him in and after July and has not responded to any of Admiral's attempts to reach him since March 15, 2024. *Id*. On January 17, 2025, because Smith refused to communicate, the law firm of Lewis Brisbois Bisgaard & Smith LLP moved to withdraw from the representation of Smith in the Malpractice Action. *Id*. That same day, Smith filed an Appearance in the Malpractice Action as attorney for Smith and a Notice of Intent to Proceed pro se without any communication with Admiral or his prior counsel. *Id*. On April 10, 2025, Admiral initiated this action seeking a declaration that it has no duty to defend or indemnify its insured, Smith Law or its President, Jason M. Smith in connection with an underlying legal malpractice lawsuit (Dkt. 1).

Smith filed an Answer to the Complaint on July 16, 2025 (Dkt. 32), and on August 7, 2025, filed an Amended Answer and Counterclaims to Complaint for Declaratory Judgment (Dkt. 36). The original Counterclaims contained a long litany of Smith's complaints about other cases, disciplinary actions against him, and perceived mistreatment by the legal system in general. *Id*. at 16–22. Admiral promptly moved to dismiss arguing persuasively that "Smith fails to state a plausible claim for relief in the Counterclaim because the Counterclaim does not provide well-pleaded factual allegations to support the claims asserted, some of the claims asserted are not stand-alone causes of action and are redundant of other claims, and some claims are simply not applicable to Admiral under the facts of this case." (Dkt. 42 at 8).

On December 23, 2025, Smith filed an Amended Answer, Affirmative Defenses & Counterclaims to the Complaint for Declaratory Judgment (Dkt. 56). The Amended Counterclaim deleted many of the irrelevant factual allegations made in the original Counterclaim, asserts seven causes of action against Admiral and contains sixty-eight "Factual Allegations." *Id*. at 16–29. On

January 5, 2026, Admiral filed the instant Motion to Dismiss the Amended Counterclaim for Failure to State a Claim (Dkt. 57), and that Motion is now ripe for ruling.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633; *Cozzi Iron & Metal*, 250 F.3d at 574 (similar standard for dismissal of a counterclaim). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). Moreover, Federal Rule of Civil Procedure 12(c) permits the moving party to move for judgment on the pleadings after the pleadings are closed and before trial. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief

4

that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### III.    DISCUSSION

Admiral moves to dismiss Smith's Amended Counterclaim with prejudice. Smith asserts the following counterclaims: Count I: Breach of Contract; Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing; Count III: Breach of the Duty to Defend; Count IV: Breach of Fiduciary Duty; Count V: Vicarious Liability for Legal malpractice; Count VI: Negligent Hiring and Retention of Counsel (Dkt. 56). Admiral contends that Smith fails to state a plausible claim for relief because his Counterclaims do not provide well-pleaded factual allegations to support the claims asserted, some of the claims asserted are not stand-alone causes of action, some of the claims are redundant of other claims, and some claims are simply not applicable to Admiral under the facts of this case (Dkt. 57).

Neither party disputes that Indiana law applies, and the Court agrees. *See Miller v. Long-Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990) ("Generally, in a tort case, the two most important contacts are the place where the injury occurred and the place where the conduct causing the injury occurred."); *see also Fetzer v. Wal-Mart Stores, Inc.*, No. 13 C 9312, 2016 U.S. Dist. LEXIS, at

*41 (N.D. Ill. 2016) (when injury and conduct alleged causing the injury occur in the same state, that state's law generally applies) (citation omitted).

As an initial matter, the Court notes that Smith's pleadings are difficult to follow and largely irrelevant. He alleges a conspiracy by the law firm of Hinshaw & Culbertson LLP beginning in February of 2021, and other unnamed law firms throughout Jackson, Brown and Bartholomew Counties dating back to 2018, in conjunction with the courts in those counties, "against Smith and/or his clients as one of the various similar techniques to bolster the appearance of a false narrative about Smith that he is uncooperative, incompetent, unstable, etc. as a basis to support various equally contrived schemes to bring about various sanctions, suspensions, and malpractice actions against him." (Dkt. 56 at 21–22). Smith alleges that because he and lawyers from the firm Hinshaw & Culbertson LLP represented adverse clients in a bank foreclosure action in 2019 that ended with Smith being sanctioned, Hinshaw & Culbertson LLP had a conflict of interest in representing him in the Malpractice Action.

Smith accuses Hinshaw & Culbertson LLP attorney Jennifer Fisher of "an ex parte litigation attack" in the 2019 foreclosure case. *Id*. at 22–23. He provides further details of the 2019 foreclosure case which are not relevant here. Smith then admits that he did not recognize what he later determined to be a conflict of interest when Hinshaw & Culbertson LLP attorneys Patrick Devine and Sam Zabaneh were first retained by Admiral to represent him in the Malpractice Action. *Id*. at 22. Nonetheless, Smith admits that he "completely stopped communicating with Hinshaw [& Culbertson LLP] in the summer of 2023[.]" *Id*. at 27.

While much of what Smith alleges in his count claim is irrelevant to this case, more fatal is that Smith's Amended Counterclaim fails to provide any detailed factual application to Admiral Insurance for any of his claims. Rather, each claim besides Count I: Breach of Contract is merely

6

one sentence long stating that "Admiral's actions and omissions as alleged constitute" the claim at issue. Virtually all of his "factual allegations" discuss an alleged conspiracy against him. As explained below, these threadbare and speculative allegations are not sufficient. *See Twombly*, 550 U.S. at 555. The Court will discuss each claim in turn.

1. **<u>Count I: Breach of Contract</u>**

In Indiana, it is well settled that "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 379 (Ind. Ct. App. 2007).

Count I of Smith's Amended Counterclaim asserts that Admiral appointed counsel with a nonwaivable conflict and refused to take action to rectify such conflict (Dkt. 56 at 30). The only facts pertaining to this claim are that Smith raised concerns in a telephone call with Admiral that his defense counsel, Hinshaw & Culbertson LLP, had a conflict of interest but the representative of Admiral allegedly "brushed it off." For obvious reasons, this is not enough.

Accepting Smith's allegations that there was a conflict of interest, Smith fails to allege or even mention how Admiral breached the contract by brushing off his concerns. Smith does not claim that the insurance agreement between Smith Law and Admiral required Admiral to dismiss counsel any time Smith believed there was a conflict of interest, or even that the insurance agreement required Admiral to investigate his concerns. Rather, Smith summarily concludes that he believed there was a conflict of interest and Admiral didn't listen to him, so they breached the insurance agreement. This is not enough. *See Twombly*, 550 U.S. at 555.

Moreover, regardless of whether Hinshaw & Culbertson LLP had a conflict of interest as alleged, they withdrew from the case and Admiral appointed new counsel—the law firm of Lewis

Brisbois Bisgaard & Smith LLP. While that law firm later withdrew because Smith refused to respond to them and Smith later decided to represent himself, he does not allege that the new law firm had any conflict of interest. Thus, no damages exist. Smith got what he wanted from the start—a new law firm to represent him free from any alleged conflict of interest. Accordingly, even if Smith had developed this claim, it would still fail. Admiral's Motion to Dismiss is **granted** for Count I: Breach of Contract.

### 2.  <u>Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

"Indiana law imposes a duty of good faith and fair dealing on insurers to discharge their contractual obligations towards a policyholder." *Baldwin v. Standard Fire Insurance Company*, 269 N.E.3d 1197, 1210 (Ind. 2025) (J. Goff concurring in part) (citing *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. 1993)). "This includes 'the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.'" *Id.* (quoting *Erie Ins. Co.*, 622 N.E.2d at 519). However, an insurance company has a right to a good faith dispute with its insured. *Erie Ins. Co.*, 622 N.E.2d at 520. "Poor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present." *Colley v. Indiana Farmers Mutual Ins. Group*, 691 N.E.2d 1259, 1261 (Ind. App. 1998). "A finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Id.*

Count II is one sentence long alleging that "Admiral's actions and omissions as alleged constitute breach of the implied covenant of good faith and fair dealing, causing Smith damages in an amount to be proven at trial, including compensatory and punitive damages." (Dkt. 56 at 30). Smith does not include any allegation of bad faith or wrongdoing in his Amended Counterclaim

nor do any of his factual allegations indicate such a cognizable claim. In Smith's Amended Answer he states as an affirmative defense that Admiral "breached the covenant of good faith and fair dealing implied in the insurance contract by refusing to acknowledge a conflict of interest that undermined the adequacy of [his] legal defense, failing to respond meaningfully to [his] good-faith concerns regarding representation, and by refusing to intervene in related proceedings where constitutional violations and procedural irregularities were likely to undermine the integrity of the malpractice case against [him]." (Dkt. 56 at 14).

First, there is no basis for any of these claims under Indiana law. The Court is unaware of a legal duty on an insurance company to intervene in proceedings "where constitutional violations and procedural irregularities were likely to undermine the integrity of the malpractice case against [Smith]." Admiral was required to appoint counsel; they did. But there is no inherent duty placed upon Admiral to then determine the "constitutional violations and procedural irregularities" in Smith's case and then intervene outside of the appointed counsel.

And as stated earlier, Hinshaw & Culbertson LLP withdrew from representation of Smith, and Smith was appointed new counsel free of any alleged conflict of interest. Smith argues that bad faith claims arise from "unfounded refusal[s] to pay policy proceeds" and "exercising any unfair advantage to pressure an insured into settlement of his claim." (Dkt. 60 at 12 (quoting *Erie Ins. Co.*, 622 N.E.2d at 519) (alteration in original)). Yet, Smith makes no allegation of either. Rather, Smith claims that he told Admiral there was a conflict of interest, but they did not listen and thus, they acted in bad faith. This is simply not a cognizable claim under Indiana law as there is no allegation that Admiral acted with a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will. *See Colley*, 691 N.E.2d 1261. Accordingly, Admiral's Motion to Dismiss is **granted** as to Count II.

9

### 3. Count III: Breach of the Duty to Defend

Count III alleges in one sentence that "Admiral's actions and omissions as alleged constitute breach of the duty to defend, causing Smith damages in an amount to be proven at trial, including compensatory and punitive damages." (Dkt. 56 at 31). This is a redundant claim that should be subsumed into Smith's breach of contract claim. While Smith argues that "[p]leading in the alternative is expressly permitted under Federal Rule of Civil Procedure 8," (Dkt. 60 at 14), he misunderstands what pleading in the alternative is.

Pleading in the alternative is a form of pleading which allows a party to allege two or more claims which may be inconsistent with one another. But Smith's claims concerning a breach of the duty to defend and a breach of the contract for failing to defend are neither inconsistent nor mutually exclusive. Indeed, Smith does not allege that Admiral had any duty to defend which arose outside of the insurance agreement; rather, the duty arises solely from the insurance agreement. Accordingly, a claim that a party breached a clause of an agreement and a claim that the same party breached the duty that clause placed upon them is one in the same. This claim therefore fails and Admiral's Motion to Dismiss is **granted** as to Count III.

### 4. Count IV: Breach of Fiduciary Duty

To succeed on a claim of breach of fiduciary duty under Indiana law, a plaintiff must show: "(1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010). "In order to properly state a claim for breach of fiduciary duty, [p]laintiff must plead facts to demonstrate the existence of a fiduciary relationship of trust and confidence."

Count IV is also one long sentence stating, "Admiral's actions and omissions as alleged constitute breach of fiduciary duty, causing Smith damages in an amount to be proven at trial including compensatory and punitive damages." (Dkt. 56 at 31). Smith has identified no fiduciary duty with which Admiral allegedly breached. Further, as the Court found above, Admiral did not breach the duty of good faith and fair dealing and thus, this claim fails.

Smith cites *Del Vecchio v. Conseco Inc.*, 788 N.E.2d 446, 451 (Ind. Ct. App. 2003) for the proposition that "[w]here an insurer controls the defense and selects counsel, it assumes fiduciary-like obligations, including the duty to manage conflicts of interest." (Dkt. 60 at 14). *Del Vecchio* does not discuss anything of that nature. Rather, in *Del Vecchio*, the Indiana Court of Appeals evaluated the application of the statute of limitations for a breach of fiduciary duty claim in a case involving life insurance dividends which mentioned neither the duty to defend nor a conflict of interest. 788 N.E.2d at 451. Accordingly, Admiral's Motion to Dismiss is **granted** as to Count IV.

**5.  Count V: Vicarious Liability for Legal Malpractice**

Count V of the Amended Counterclaim alleges in a single sentence that "Admiral's actions and omissions as alleged constitute vicarious liability for legal malpractice, causing Smith damages in an amount to be proven at trial, including compensatory and punitive damages." *Id*. Vicarious liability is "a legal fiction by which a court can hold a party legally responsible for the negligence of another, not because the party did anything wrong but rather because of the party's relationship to the wrongdoer." *Sword v. NKC Hosps., Inc.*, 714 N.E.2d 142, 147 (Ind. 1999). Most often, vicarious liability is based on the theory of *respondeat superior* by which an employer can be found liable for the wrongful acts an employee committed in the course and scope of employment. *Id*.

Admiral is not the employer of Smith or Smith Law's attorneys and thus cannot be held liable for any alleged or imagined legal malpractice. Any potential duty to defend or indemnify is based on the insurance agreement rather than on Admiral employing attorneys. Admiral is an insurance company, not a law firm and thus, obviously cannot practice law or commit legal malpractice. Smith agrees to dismissal of this claim (Dkt. 60 at 15). Accordingly, Admiral's Motion to Dismiss is **granted** as to Count V.

### 6. Count VI: Negligent Hiring and Retention of Counsel

Count VI alleges in one sentence that "Admiral's actions and omissions as alleged constitute negligent hiring and retention of counsel, causing Smith damages in an amount to be proven at trial, including compensatory and punitive damages." (Dkt. 56 at 31). "Indiana law recognizes a cause of action for negligent hiring, retention, and supervision of an employee." *Schele v. Porter Mem'l Hosp.*, 198 F. Supp. 2d 979, 995 (N.D. Ind. 2001) (citing *Grzan v. Charter Hosp. of Northwest Ind.*, 702 N.E.2d 786, 793 (Ind. Ct. App. 1998)). "When determining if an employer can be liable for negligent retention of an employee, a court must determine if the employer exercised reasonable care. To prevail on their claims, plaintiffs must show that the employer knew or had reason to know of the misconduct and failed to take appropriate action." *Id.* (citations omitted). Negligent hiring and retention is "an alternative theory of employer liability" to *respondeat superior*. *Davis v. Macey*, 901 F. Supp. 2d 1107, 1111 (N.D. Ind. 2012) (citation omitted).

Again, the attorneys at Hinshaw & Culbertson LLP and Lewis Brisbois Bisgaard & Smith LLP are not employees of Admiral and as such, this theory cannot apply. Smith also agrees to dismissal of this claim (Dkt. 60 at 15). Accordingly, Admiral's Motion to Dismiss is **granted** as to Count VI.

### 7. **Futility**

Admiral asks the Court to dismiss Smith's claims with prejudice arguing that there is simply no basis in law or fact for the claims made in the Amended Counterclaim (Dkt. 42 at 16–17). The Seventh Circuit has explained that,

> [a]s a general matter Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading. A plaintiff is entitled to amend the complaint once as a matter of right, Fed. R. Civ. P. 15(a), and a court should "freely give leave [for a party to file an amended] [pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

*Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015) (quoting *Buasch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)) (first and second alterations in original). Here, Smith does not come close to alleging viable claims even after previously amending his Counterclaim and the facts do not indicate that he has any future possibility of succeeding if he were allowed to file a Second Amended Counterclaim.

Smith argues that some of his claims—Counts V and VI—should be dismissed without prejudice so that he can conduct discovery and then seek leave to amend should discovery reveal facts supporting those theories (Dkt. 60 at 15). That is not how dismissal, or litigation for that matter, works. Smith admits that his allegations for these claims fail to state a claim but he nonetheless asks the Court to permit a phishing expedition so that he might be able to discover facts which may plausibly state a claim. The Court will not do so.

The rest of Smith's claims fare no better. Indeed, each of his claims consists of a single conclusory sentence asserting a violation without describing any facts to support the claim. Instead, his factual allegations consist more of a monologue of Smith's perceived conflict of interest with one of the attorneys at Hinshaw & Culbertson instead of any facts relating to Admiral

13

and their alleged wrongdoing. And even if Smith did tailor his factual allegations specifically towards Admiral's conduct, his assertions clearly fail to state a claim.

The Court's futility determination is further bolstered by the fact that Smith is a former attorney, not a typical *pro se* plaintiff who does not understand the pleading standards or Federal Rules of Civil Procedure. Accordingly, Counts I–VI of Smith's Amended Counterclaim are all **dismissed with prejudice**.

## IV.    CONCLUSION

For the reasons discussed above, Admiral's Motion to Dismiss Smith's Amended Counterclaim (Dkt. 57) is **GRANTED**. Smith's Counterclaims—Counts I–VI—are all **dismissed with prejudice**.

Still pending in this action is the Counter Claim filed by Counter Claimant Crothersville Lighthouse Tabernacle Church, Inc. (Dkt. 23 at 14-18), and Admiral's Motion for Summary Judgment (Dkt. 71). To avoid the possibility of piecemeal appeals, final judgment will issue separately once all claims in this action are resolved.

**SO ORDERED**.

Date:    7/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JASON M. SMITH
121 N. Chestnut Street
3rd Floor
Seymour, IN 47274

W. Brent Gill
Smith Law Services, P.C.
wbrentgill@comcast.net

Laura M Haara
FBT Gibbons LLP
lhaara@fbtgibbons.com

14

Christopher Glade Johnson
FROST BROWN TODD LLC
cjohnson@fbtgibbons.com

Josh S Tatum
SLS Group, LLC
jtatum@slsgroup.law